IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| Carolyn Elizabeth Stalnaker | ) | CASE NO. 5:21cv258 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | |
| Commissioner of Social Security | ) | |
| Defendant, | ) | MEMORANDUM OPINION AND ORDER |

**Introduction**

Before me[1] is an action by Carolyn Elizabeth Stalnaker under 42 U.S.C. §405(g) seeking judicial review of the 2020 decision of the Commissioner of Social Security that denied Stalnaker's 2016 application for disability insurance benefits and supplemental security income.[2] The Commissioner has filed the transcript of the administrative proceedings.[3] Pursuant to my initial[4]

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Solomon Oliver, Jr. ECF No. 15.
[2] ECF No. 1.
[3] ECF No. 12. Pursuant to Local Rule 16.3.1(d) this filing of the transcript also constitutes the Commissioner's answer.
[4] ECF No. 7.

and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental fact sheets and charts.[7]The parties have met and conferred with the goal of clarifying or reducing the matters at issue.[8]They have participated in a telephonic oral argument.[9]

For the following reasons, the decision of the Commissioner will be affirmed.

**Facts**

Stalnaker, who was 35 years old at the time of the hearing,[10]formerly worked as a baker, a cashier, a general clerk, a hostess, an auction clerk and a cocktail waitress.[11] She testified that she lives with her husband and four children under sixteen[12]and that she takes care of household shopping and cooks dinner, but that her husband does the yardwork and, on weekends, helps with the housework.[13]She further testified that she is disabled due to anxiety, but also testified that she has depression, bipolar disorder and migraines "in that order" which interfere with working.[14] In addition, she further testified that when her fibromyalgia flares up, it results in leg pain.[15]

The ALJ at Step Three found that she has the following severe impairments: carpal tunnel syndrome; neuropathy of the right upper extremity; migraine headaches; obesity; bipolar I disorder; major depressive disorder; and generalized anxiety disorder.[16]He then further found that

---

[5] ECF No. 13.
[6] ECF Nos. 16 (Stalnaker), 19, Attachment 1 (Commissioner), 20 (Stalnaker reply).
[7] ECF Nos. 16, Attachment 1 (Stalnaker), 19, Attachment 2 (Commissioner).
[8] ECF No. 21.
[9] ECF No.
[10] Tr. at 24.
[11] *Id*.
[12] *Id*. at 58. Two of the children – twins aged six – are a niece and nephew.
[13] *Id*. at 57, 58, 63.
[14] *Id*. at 55-56, 59.
[15] *Id*.
[16] *Id*. at 18.

Stalnaker has the following non-severe impairments: asthma, hypertension, GERD, back and neck pain, and fibromyalgia.[17]

As to the fibromyalgia, the ALJ, in a rather extensive discussion, noted first that the only tender point test – which occurred after she stated she was diagnosed – indicated that she was only 'mildly tender in greater than 11 of the typical fibromyalgia tender points."[18]He further observed that Stalnaker stated that she found the prescribed medications for fibromyalgia to be "quite helpful," to the extent that she reported "feeling much better" when the dosage of her medication was increased.[19]The ALJ then cited evidence in the record of Stalnaker stating that she is "satisfied with the degree of pain relief" provided by her medications such that she was able to return to the gym.[20]Finally, he stated that there was only a single instance of Stalnaker's "fibromyalgia acting up" – that is, in July 2018.[21]Therefore, he concluded that even construing the evidence in the light most favorable to Stalnaker, there is no evidence that fibromyalgia "has more than a minimal impact on her ability to perform work activity."[22]

The ALJ determined that Stalnaker does not have an impairment or combinations of impairments that meets or medically equals a listing.[23]In arriving at this conclusion, the ALJ first noted that no treating or examining physician had indicated that Stalnaker had met the

---

[17] *Id.*
[18] *Id.*
[19] *Id.* at 19.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*

requirements of any listing.[24] Further, he noted that both state agency reviewers who evaluated this issue had reached the same conclusion.[25]

In addition, the ALJ first specifically examined Listing 11.14 (peripheral neuropathy), followed by Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders), with attention in the last two listings to the "paragraph B criteria,"[26] which are common to both listings.[27] The ALJ found that Stalnaker did not meet or equal Listing 11.14 because Stalnaker had not alleged, nor had the record established, disorganization of motor function in two extremities.[28] As to the B criteria of Listings 12.04 and 12.06, the ALJ found: (1) no limitations in the area of understanding, remembering and applying information;[29] (2) mild limitation in the area of interacting with others;[30] and (3) moderate limitations in the areas of concentrating, persisting and maintaining pace, as well as adapting or managing oneself.[31]

In formulating the RFC, which calls for light work with some additional physical and mental limitations,[32] the ALJ initially addressed Stalnaker's own testimony, which the ALJ contrasted with the clinical evidence and evidence from Stalnaker's activities of daily living.[33] After citing Stalnaker's belief that "her mental health is her primary barrier to performing work activity,"[34] the ALJ summarized the clinical evidence as showing " a pattern of effective

---

[24] *Id.*
[25] *Id.*
[26] *Id*. at 19-20.
[27] *Green v. Astrue*, 2008 WL 4791512, at *12 (E.D. Tenn. Oct 8, 2008).
[28] Tr. at 19.
[29] *Id.*
[30] *Id.*
[31] *Id.* at 20.
[32] *Id*. at 20-21.
[33] *Id*. at 21-23.
[34] *Id*. at 22.

treatment with medications, and reduced symptoms when she is consistent with her medications."[35]

As to the opinion evidence, the ALJ first gave "only some weight" to the "somewhat remote" 2016 mental disability evaluation of Dr. Cheryl Benson-Blankenship, PhD.[36] He then gave "no weight" to the 2016 opinions of two state agency psychological consultants, noting that records developed since those opinions "indicate and support moderate symptoms [in Stalnaker], exacerbated by claimant's inconsistency in taking prescribed medications."[37] Finally, the ALJ gave only partial weight to the 2016 opinions of two state agency medical reviewers that Stalnaker could do medium work, with some additional limitations.[38] In that regard, the ALJ explained that Stalnaker's combined impairments "support that she is limited to light exertion work, particularly when her non-severe impairments are also considered."[39]

The ALJ then concluded that, under the RFC, Stalnaker could not perform any of her past relevant work.[40] With the assistance of testimony from a VE, the ALJ determined that Stalnaker could perform the duties of (1) garment sorter, (2) classifier and (3) folder, and that jobs in all these functions were available in sufficient numbers in the national economy.[41]

Thus, Stalnaker was found not disabled.[42]

**Analysis**

---

[35] *Id*. at 23.
[36] *Id*.
[37] *Id*.
[38] *Id*. at 24.
[39] *Id*.
[40] *Id*.
[41] *Id*. at 25.
[42] *Id*.

Standards of review

This matter is reviewed under the well-established substantial evidence standard, which need not be re-stated. Further, the opinion evidence is considered under the equally well-known newer standard for evaluating opinion evidence that focuses on the persuasiveness of such evidence. That standard also need not be re-stated here.

Issues

Stalnaker raises three issues for judicial review:

1. The appointment of Andrew Saul as Commissioner of the Social Security Administration violated the separation of powers. As such, the decision in this case by an ALJ who derived his authority from Andrew Saul was constitutionally defective.

2. The ALJ committed harmful error when he failed to find that Stalnaker satisfied the criteria for a Listing at Step Three of the Sequential Evaluation. In the alternative, the ALJ's RFC erred when he failed to consider the effect of the combination of Stalnaker's severe impairments on her ability to engage in substantial gainful activity on a sustained basis.

3. The ALJ committed harmful error in evaluating Stalnaker's symptoms in violation of Social Security Ruling 16-3p.[43]

Adjudication of the issues

1. As to the constitutionality of the appointment of Commissioner Saul, I note here, as I have previously when confronted by this issue,[44]that the claimant here has pointed me towards

---

[43] ECF No. 16 at 1.

[44] *Steifel's v. Comm'r*,

no decision by any court which has endorsed Stalnaker's position. Further, the court in *Butcher v. Commissioner*, [45]comprehensively analyzed this question and concluded that, even if there were defects in the appointment of the Commissioner, those defects did not render the ALJ's decision invalid nor require a remand. I adopt the reasoning and conclusions of *Butcher* and incorporate them here. Thus, I find that the first issue raised by Stalnaker is without merit.

2. Stalnaker essentially presents two distinct claims in the second issue – first, whether the ALJ erred at Step Three in finding that she did not meet a listing and second, whether the ALJ erred by finding that no combination of impairments effected Stalnaker's ability to engage in substantial gainful employment on a sustained basis,

Addressing the first sub-claim – the finding at Step Three that she did not meet a listing – Stalnaker's argument is that the ALJ's conclusions regarding the various B criteria were based on "erroneous," "mistaken" or "misinterpretations" of the evidence.[46] Essentially, Stalnaker asserts that "[t]he activities which the ALJ cited as support [for the degrees of severity] were not the complete picture."[47]Stalnaker also contends that the ALJ failed to comply with Rulings 12-2p for fibromyalgia or 14-2p for her headaches.[48]

The Commissioner, for his part, initially points out that Stalnaker has the burden of producing medical evidence that she met all the elements of a listing for twelve months or more.[49]To the specific point of her headaches, the Commissioner notes that the only clinical

---

[45] 2021 WL 6033683 (S.D. Ohio Dec. 21, 2021), R&R adopted 2022 WL 523519 (S.D. Ohio Feb. 2, 2022).
[46] ECF No. 16 at 16.
[47] *Id*. at 17.
[48] *Id*. at 18.
[49] ECF No. 19 at 20.

evidence was one emergency room visit and an "essentially normal" neurological examination.[50] While conceding that the headaches were not analyzed under a listing, the Commissioner contends that headaches were considered as part of the formulation of the RFC.[51]Similarly, as regards the fibromyalgia, the Commissioner observes that the ALJ did consider it, finding that Stalnaker found her medication in this instance to be "quite helpful" and that she herself reported satisfaction with her pain relief medication.[52]These findings, as the Commissioner properly notes, are substantial evidence for the conclusion that, although Stalnaker had some pain, and then some limitations from that pain, in the end she retained the RFC that was determined.

In sum, I find the claimant is not persuasive in either the assertion that there was a mistake at Step Three or that the ALJ improperly failed to consider either Stalnaker's headaches or fibromyalgia. As discussed above, there was substantial evidence to support the ALJ's conclusions at Step Three. Further, read *in toto* and as the Commissioner outlines, the ALJ's opinion adequately addressed Stalnaker's headaches and fibromyalgia. While Stalnaker may wish other evidence was given greater weight or that the ALJ had developed his reasoning more fully, I note, along with the Commissioner, that there is no heightened level or articulation required at Step Three[53] and that Stalnaker is essentially asking to have the evidence re-weighed as to the analysis of headaches and fibromyalgia.

3. The final question is whether the ALJ properly considered Stalnaker's subjective complaints of the effects of her symptoms under Social Security Ruling 16-3p. Basically, Stalnaker maintains that her complaints about the disabling symptoms of her anxiety,

---

[50] *Id*.
[51] *Id*.
[52] *Id*. at 17.
[53] *Vidot v. Colvin*, 2015 WL 3824360, at **5-6 (N.D. Ohio June 18, 2015).

fibromyalgia, neuropathy and migraines – individually and collectively - were not properly analyzed but were dismissed with "brief boilerplate."[54]

Once again, the Commissioner points to the ALJ's analysis that concluded that Stalnaker's mental health treatment[55] records show good results when she is consistent with her medications. Further, treatment records for headaches and migraines cited by the ALJ also note that "Excedrin migraine helps her, and she takes it daily," as well the fact that her "moderate" headache activity is "relieved by prescription medication."[56]In addition, as is also mentioned above, the ALJ extensively analyzed her fibromyalgia and Stalnaker's satisfaction with the degree of pain relief afforded by her medication.[57]

Here again, I find no error with how the ALJ considered and addressed Stalnaker's subjective complaints within the context of formulating the RFC. I should also note that the ALJ was careful in assessing the persuasiveness of opinion evidence, finding that the 2016 mental disability examination was "somewhat remote" in time and so requires a modification for subsequent developments.[58]Similarly, the ALJ also made a point of limiting the value of the opinions of the state agency medical consultants' opinions because Stalnaker's combined impairments, particularly when considered with the non-severe impairments, warranted a reduction from medium to light work.[59]

**Conclusion**

---

[54] ECF No. 16 at 21-22.
[55] I note again that Stalnaker herself identified her mental health as her primary barrier to being able to work. Tr. at 22.
[56] *Id*. at 22.
[57] *Id*. at 19.
[58] *Id*. at 23.
[59] *Id*. at 24.

For the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: 06/14/22 s/ William H. Baughman, Jr.

United States Magistrates Judge